ELISABETH ANN JACOBS FEHL v. AETNA CASUALTY & SURETY COMPANY.

(Filed 6 November 1963.)

Insurance § 57—

> Where the evidence discloses that a prospective purchaser was permitted to drive the dealer's vehicle seven miles to the purchaser's home to show it to his wife and was to return the vehicle within two and one-half hours, but that he actually drove 70 miles to another municipality and had an accident resulting in plaintiff's injury more than 20 hours after he should have returned the vehicle, *held* the evidence does not bring the claim within the coverage of the dealer's liability policy.

APPEAL by plaintiff from *MacRae, S.J.,* January, 1963 Session, WAKE Superior Court.

The plaintiff instituted this civil action to recover the sum of $3,-300.00, the amount fixed by judgment to be due for the bodily injuries she sustained in an accident as a result of the negligent operation of a 1959 Buick automobile owned by Smith Buick Company, Inc., Fuquay Springs, North Carolina, and operated by Cleno Harris, of Apex, North Carolina. The accident occurred on September 10, 1961.

At the time of the accident the Smith Buick Company, Inc., a dealer in second-hand automobiles, held a policy of liability insurance issued to it by the defendant in conformity with the Motor Vehicle Safety and Responsibility Act of 1953, as amended. The Omnibus Clause of the policy provided coverage for the insured's automobiles when operated with its permission, express or implied.

The evidence disclosed that about 3:00 or 3:30 p.m., on September 9, 1961, Cleno Harris sought to purchase from the insured a 1959 used Buick. He and a salesman of the insured tried out the Buick on the road, returned to the insured's place of business where Harris requested and was given permission to drive the vehicle to his home, approximately seven miles away, so that his wife might approve the purchase. The insured instructed Harris to return the vehicle before six o'clock, at which time the purchase was to be completed or possession was to be surrendered to the owner. Instead of going home to show the vehicle to his wife, Harris drove to Rocky Mount, spent the night, and at about 3:00 p.m. on September 10, Sunday, had the accident in which the plaintiff sustained injuries.

At the close of the evidence the court entered judgment of involuntary nonsuit, from which the plaintiff appealed.

*Everett, Everett & Everett, by Robinson O. Everett for plaintiff appellant.*

*Spears, Spears & Barnes by Marshall T. Spears for defendant appellee.*

PER CURIAM.   For a full analysis of the cases in which liability is upheld or denied on the ground the use of the insured vehicle at the time of an accident was with or was without the owner's permission, see *Hawley v. Ins. Co.,* 257 N.C. 381, 126 S.E. 2d 161. In this case, Harris had permission to drive the Buick seven miles to his home but he was instructed to return it within two and one-half hours. Actually he drove 70 miles to Rocky Mount where he spent the night. While driving the vehicle more than 20 hours after he should have surrendered it, he became involved in the accident in which the plaintiff sustained her injuries. These facts show a major—not a minor—deviation from the permitted use. The rules to which this Court is committed (Hawley) require us to hold Harris's use at the time of the accident was without the permission of the owner. Consequently the defendant's policy does not cover plaintiff's injury. The judgment of the Superior Court of Wake County is

Affirmed.